Theresa A. Goldner, Esq.
KERN COUNTY COUNSEL
Mark Nations, Esq. (S.B. No. 101838)
CHIEF DEPUTY COUNTY COUNSEL
1115 Truxtun Avenue, Fourth Floor
Bakersfield, California 93301
Telephone: (661) 868-3800
Facsimile: (661) 868-3805
Email: mnations@co.kern.ca.us

NIELSEN MERKSAMER
    PARRINELLO GROSS & LEONI LLP
    Marguerite Mary Leoni, Esq. (S.B. No. 101696)
    Christopher E. Skinnell, Esq. (S.B. No. 227093)
    Hilary J. Gibson, Esq. (S.B. No. 287862)
2350 Kerner Boulevard, Suite 250
San Rafael, California 94941
Telephone:  (415) 389-6800
Facsimile:   (415) 388-6874
Email: mleoni@nmgovlaw.com
Email: cskinnell@nmgovlaw.com
Email: hgibson@nmgovlaw.com

*Attorneys for Defendants*
COUNTY OF KERN, *ET AL.*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR LUNA, *et al.*,<br><br>    *Plaintiffs*,<br><br>vs.<br><br>COUNTY OF KERN, *et al.*,<br><br>    *Defendants*. | Case #1:16-cv-00568-DAD-JLT<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS [FRCP 12(b)(6)]**<br><br>JUDGE: Hon. Dale A. Drozd<br>COURTROOM: 5<br>HEARING DATE: June 21, 2016<br>TIME: 9:30 a.m. |

Pursuant to Rule 201 of the Federal Rules of Evidence, Defendants respectfully request that the Court take judicial notice of:

1.      The following documents contained in Kern County's files in connection with the 2011 supervisorial redistricting process:

- PowerPoint Presentation given by County staff at a series of public hearings conducted in the County during the summer of 2011;

- A series of maps detailing a proposed redistricting plan, submitted to the Board of Supervisors by Steven A. Ochoa, National Redistricting Coordinator, of the Mexican American Legal Defense and Education Fund ("MALDEF"), at the August 2, 2011, meeting of the Board.

- A letter dated August 9, 2011, from Mr. Ochoa, to the Kern County Board of Supervisors.

- A spreadsheet listing the Census blocks within the County that correspond to state and federal prisons, and reflecting the populations of each of those blocks.

- The staff report submitted to the Board of Supervisors in connection with this matter for the July 5, 2011, Board meeting, including exhibits.

- The staff report submitted to the Board of Supervisors in connection with this matter for the August 2, 2011, Board meeting, including exhibits.

2.      Opinion No. 91-601 of the California Attorney General, 74 Ops. Cal. Atty. Gen. 162 (Aug. 23, 1991), which addresses the exclusion of prisoners from the population base for redistricting.

3.      The following documents, downloaded from the website of the California Department of Corrections and Rehabilitation:

- A list of "California Department of Corrections and Rehabilitation Adult Institutions" and their addresses.

- A "Map of California's Correctional and Rehabilitation Institutions."

- A list of "Community Correctional Facilities."

4.      Information regarding the Taft Federal Correctional Facility, which I printed from the Federal Bureau of Prisons' website.

**JUDICIAL NOTICE OF THESE DOCUMENTS IS APPROPRIATE**

**UNDER FEDERAL RULE OF EVIDENCE 201**

Regarding the documents from Kern County's 2011 public redistricting file, in connection with the Board of Supervisors' legislative redistricting process, judicial notice is appropriate because: (1) they are part of the legislative history of the County's adoption of a new redistricting plan, and "[l]egislative history is properly a subject of judicial notice," *Anderson v. Holder*, 673 F.3d 1089, 1094 n.1 (9th Cir. 2012); and (2) more generally, public records are subject to judicial notice. *Arce v. Douglas*, 793 F.3d 968, 975 n.3 (9th Cir. 2015) (taking judicial notice of a press release issued by the Superintendent of Public Instruction, because "it is a public record on file with the Arizona State Board of Education"); *Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 n.2 (9th Cir. 2006) (taking judicial notice of a number of public records on file with the Santa Monica City Clerk).

Relatedly, "[a] trial court may presume that public records are authentic and trustworthy. The burden of establishing otherwise falls on the opponent of the evidence, who must come 'forward with enough negative factors to persuade a court that a report should not be admitted.'" *Gilbrook v. City of Westminster,* 177 F.3d 839, 858 (9th Cir. 1999) (quoting *Johnson v. City of Pleasanton,* 982 F.2d 350, 352 (9th Cir. 1992)). Nevertheless, the authenticity of these documents is further corroborated by the Declaration of Allan Krauter, attached hereto.

Regarding the 1991 California Attorney General provision, the courts have regularly recognized that California Attorney General opinions are "judicially noticeable" and "persuasive." *Cent. Delta Water Agency v. United States Fish & Wildlife Serv.*, 653 F. Supp. 2d 1066, 1079 (E.D. Cal. 2009); *Daugherty v. Experian Info. Solutions, Inc.*, 847 F. Supp. 2d 1189, 1193 (N.D. Cal. 2012) (taking judicial notice of South Dakota Attorney General opinion). This document was downloaded from Lexis-Nexis. The presumption of

accuracy of public records, discussed above, "includes public records and government documents available from reliable sources on the Internet." *United States ex rel. Dingle v. BioPort Corp.*, 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003).

Regarding the records downloaded from the websites of the California Department of Corrections and Rehabilitations and the Federal Bureau of Prisons, a district court may take judicial notice pursuant to Rule 201 of the Federal Rules of Evidence of the records and reports of administrative agencies. *United States v. 14.02 Acres*, 547 F.3d 943, 955 (9th Cir. 2008); *Interstate Nat'l Gas Co. v. So. Cal. Gas Co.*, 209 F.2d 380, 385 (9th Cir. 1953). Again, "[t]his includes public records and government documents available from reliable sources on the Internet." *United States ex rel. Dingle v. BioPort Corp.*, 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003). *See also Paralyzed Veterans of Am. v. McPherson*, 2008 U.S. Dist. LEXIS 69542, *17 (N.D. Cal. Sept. 9, 2008) ("'It is not uncommon for courts to take judicial notice of factual information found on the world wide web.' *O'Toole v. Northrop Grumman Corp.,* 499 F.3d 1218, 1225 (10th Cir. 2007). This is particularly true of information on government agency websites, which have often been treated as proper subjects for judicial notice." (citing cases, and taking judicial notice of California Secretary of State's approval of Marin County's voting machines)); *In re Charles Schwab Corp. Secs. Litig.*, 257 F.R.D. 534, 561 n.18 (N.D. Cal. 2009) (taking judicial notice of FASB Statement of Financial Accounting Concept).

With respect to the foregoing documents, "[f]ederal courts consider records from government websites to be self-authenticating under Rule 902(5)." *Paralyzed Veterans of Am.*, 2008 U.S. Dist. LEXIS 69542 at *22. And again, "[a] trial court may presume that public records are authentic and trustworthy. The burden of establishing otherwise falls on the opponent of the evidence, who must come 'forward with enough negative factors to persuade a court that a report should not be admitted.'" *Gilbrook v. City of Westminster,* 177 F.3d 839, 858 (9th Cir. 1999) (quoting *Johnson v. City of Pleasanton,* 982 F.2d 350, 352 (9th Cir. 1992)). Nevertheless, the authenticity of these documents is further corroborated by the Declaration of Christopher Skinnell, attached hereto.

For the foregoing reasons, Defendants hereby respectfully ask that the Court take judicial notice of the above-listed documents.

Respectfully submitted,

Dated:  May 17, 2016

NIELSEN MERKSAMER
    PARRINELLO GROSS & LEONI LLP

By:    /s/    Christopher E. Skinnell
                Christopher E. Skinnell

*Attorneys for Defendants*
COUNTY OF KERN, *et al.*