1   Thomas A. Saenz (State Bar No. 159430)
    Denise Hulett (State Bar No. 121553)
2   Matthew J. Barragan (State Bar No. 283883)
    MEXICAN AMERICAN LEGAL DEFENSE
3   AND EDUCATIONAL FUND
    634 S. Spring St., 11th Floor
4   Los Angeles, CA 90014
    Telephone:  (213) 629-2512
5   Facsimile:  (213) 629-0266
    Email:  tsaenz@maldef.org
6           dhulett@maldef.org
            mbarragan@maldef.org
7
8   *Attorneys for Plaintiffs*

9

10                    UNITED STATES DISTRICT COURT

11                    EASTERN DISTRICT OF CALIFORNIA

12

13   OSCAR LUNA, ALICIA PUENTES,            Case No. 1:16-CV-00568-DAD-JLT
     DOROTHY VELASQUEZ, and GARY
14   RODRIGUEZ,                             **PLAINTIFFS' OBJECTIONS TO
                                            DEFENDANTS' REQUEST FOR
15                Plaintiffs,               JUDICIAL NOTICE IN SUPPORT OF
                                            MOTION TO DISMISS [FRCP 12(b)(6)];
16        v.                                MEMORANDUM OF POINTS AND
                                            AUTHORITIES**
17   COUNTY OF KERN, KERN COUNTY
     BOARD OF SUPERVISORS, and              JUDGE: Hon. Dale A. Drozd
18   MICK GLEASON, ZACK SCRIVNER,           COURTROOM: 5
     MIKE MAGGARD, DAVID COUCH,             HEARING DATE: June 21, 2016
19   and LETICIA PEREZ, in their official   TIME: 9:30 a.m.
     capacity as members of the Kern County
20   Board of Supervisors, and JOHN
     NILON, in his official capacity as Kern
21   County Administrative Officer, and
     MARY B. BEDARD, in her official
22   capacity as Kern County Registrar of
     Voters, inclusive,
23
                  Defendants.
24

25

26

27

28

_____

Plaintiffs Oscar Luna, Alicia Puentes, Dorothy Velasquez, and Gary Rodriguez (collectively, "Plaintiffs") respectfully object to Defendants' Request for Judicial Notice in Support of Motion to Dismiss.

## I.     **<u>INTRODUCTION</u>**

This is a vote dilution claim under Section 2 of the federal Voting Rights Act against the County of Kern, *et al.*  In support of Defendants' Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), Defendants have submitted a Request for Judicial Notice ("Request" or "RJN").  Defendants seek judicial notice of documents which were neither attached to the Complaint nor central to Plaintiffs' claims.

Judicial notice of these extrinsic materials is not proper in connection with this Court's consideration of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  In addition, the documents are not judicially noticeable under Rule 201 of the Federal Rules of Evidence.  Thus, Defendants' proffered documents cannot be considered in connection with Defendants' Motion to Dismiss.

## II.    **<u>FACTS</u>**

Defendants ask the Court to take judicial notice of: (1) documents contained in Kern County's files in connection with the 2011 supervisorial redistricting process, including a 2011 MALDEF map (Exhibits A-F to RJN); (2) Opinion No. 91-601 of the California Attorney General, 74 Ops. Cal. Atty. Gen. 162 (Aug. 23, 1991), which addresses the exclusion of prisoners from the population base used in redistricting (Exhibit G to RJN); and (3) documents downloaded from the website of the California Department of Corrections and Rehabilitation (Exhibits H-K to RJN).  Defendants heavily rely on these proffered documents in their Motion to Dismiss.

Defendants' primary target is a Board of Supervisors map that <u>Plaintiffs' law firm</u>, the Mexican American Legal Defense and Educational Fund ("MALDEF"), drew and submitted to the Board of Supervisors in 2011, during the Kern County redistricting process (Exhibit B to RJN).  All of the other documents in the Request are related to that map,[1] and to the argument

---

[1] The additional documents include census data and locations of prisons in Kern County that Defendants use to make calculations that alter the original map's population base and then

1  that Plaintiffs have failed to meet an evidentiary burden under Section 2, *i.e.*, that Plaintiffs have

2  failed to provide a map wherein Latinos are sufficiently geographically compact to constitute a

3  majority of the voting age population in a single member district, normally referred to as

4  "Plaintiffs' illustrative plan."[2]  Defendants assume, without basis and incorrectly, that: (1) the

5  2011 MALDEF map is attributable to these Plaintiffs, and (2) Plaintiffs will introduce it in this

6  case as their "illustrative plan."  Defendants' incorrect assumption and attribution to Plaintiffs in

7  this case springs from a reference to the 2011 map in paragraph 21 of the Complaint, a reference

8  that is part of the factual narrative surrounding the 2011 redistricting process.  The 2011

9  MALDEF map is most certainly not central to the claims in this case, because Plaintiffs could

10  bring this action whether or not MALDEF had submitted a plan during the 2011 Kern County

11  redistricting process.  Nonetheless, Defendants ask the Court to judicially notice the five-year-old

12  MALDEF map and other documents to support their argument that Plaintiffs have failed to allege

13  facts sufficient to meet their burden under *Gingles*.

14       The map and Defendants' related exhibits may not be considered in ruling on the motion

15  to dismiss, as they are neither central to Plaintiffs' claims nor are they judicially noticeable under

16  Rule 201 of the Federal Rules of Evidence.

17  **III.    RELEVANT LEGAL STANDARDS**

18       **A.  Rule 201 of the Federal Rules of Evidence**

19       Rule 201 of the Federal Rules of Evidence governs judicial notice of evidence.  Rule 201

20  permits a court to take judicial notice of "a fact that is *not subject to reasonable dispute* because

21  it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately

22  and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R.

23  Evid. 201(b) (emphasis added).  "Because the effect of judicial notice is to deprive a party of an

24  opportunity to use rebuttal evidence, cross-examination, and argument to attack contrary

25  conclude that the districts are not equipopulous.  Defendants' Motion to Dismiss ("Defs' MTD")
at 307.

26  [2] *Thornburg v. Gingles*, 478 U.S. 30, 50-51 (1986).  Defendants do not dispute that a second

27  Latino citizen voting age population district can be drawn, only that it is not sufficiently
equipopulous with the other districts, and that it is has a "bizarre configuration."  Defs' MTD at

28  3-8.

evidence, caution must be used in determining that a fact is beyond controversy under Rule 201(b)."  *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1151 (9th Cir. 2005) (internal citation omitted).

"Where factual findings or the contents of the documents are in dispute, those matters of dispute are not appropriate for judicial notice."  *Darensburg v. Metropolitan Transp. Comm'n*, 2006 WL 167657, *2 (N.D. Cal. 2006) (citing *Del Puerto Water Dist v. U.S. Bureau of Reclamation*, 271 F. Supp. 2d 1224, 1234 (E.D. Cal. 2003)).  Thus, if the matter sought to be noticed is reasonably disputable, consideration of that "fact" is inappropriate on a motion to dismiss.

"[T]he Ninth Circuit tends to be strict with its application of Rule 201(b)."  *Von Grabe v. Sprint PCS*, 312 F. Supp. 2d 1285, 1311 (S.D. Cal. 2003).  Significantly, judicial notice may not be used to trump a plaintiff's well-pleaded allegations in the complaint, weigh evidence and resolve triable questions of fact.  *Patel v. Parnes*, 253 F.R.D. 531, 546 (C.D. Cal. 2008) ("judicial notice is not a proper basis for rejecting factual allegations appearing in the plaintiff's complaint") (quoting *CPI Advanced, Inc. v. Kong Byung Woo Comm. Ind., Co., Ltd.*, 135 Fed. Appx. 81, 83 (9th Cir. 2005)); *In re Network Equipment Technologies, Inc. Litigation*, 762 F. Supp. 1359, 1363 (N.D. Cal. 1991) ("[t]he Court should not use judicial notice to generate an evidentiary record and then weigh evidence – which plaintiffs have not had the opportunity to challenge – to dismiss plaintiffs' complaint").

**B.  Legal Standard for Taking Judicial Notice on a Motion to Dismiss**

"As a general rule, [courts] 'may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion."[3]  *United States v. Corinthian Colleges*, 655 F.3d 984, 998 (9th Cir. 2011) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)).  In limited circumstances, courts may consider materials that are not attached to the complaint on which the complaint "*necessarily relies*," however, judicial notice may only be taken of such unattached

---

[3] To the extent Defendants rely on these materials, the law requires their motion to be considered as a Rule 56 motion for summary judgment and requires that the parties be given a reasonable opportunity to present all material made pertinent to such a motion.  *See* Fed. R. Civ. P. 12(d).

1  evidence if: "(1) the complaint refers to the document; (2) *the document is central to the*

2  *plaintiff's claim*; and (3) no party questions the authenticity of the document."  *Id.* at 999

3  (emphasis added); *see also Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994) (*overruled on*

4  *other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002)); *Coto*

5  *Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) (unattached documents may be

6  considered only "in situations where the complaint necessarily relies upon a document or the

7  contents of the document are alleged in a complaint, the document's authenticity is not in

8  question and there are no disputed issues as to the document's relevance").  However, a

9  complaint's "mere mention of the existence of a document is insufficient to incorporate the

10 contents of a document."  *Coto Settlement*, 593 F.3d at 1038.

11 **IV.   <u>ARGUMENT</u>**

12        Defendants request that this Court take judicial notice of Exhibits A through K[4] should be

13 rejected because the contents of the documents are not subject to judicial notice at the pleading

14 stage under applicable Ninth Circuit precedent and Rule 201(b) of the Federal Rules of Evidence.

15        **A.  Judicial Notice of the Proffered Documents Is Not Appropriate**

16        Defendants' Request goes well beyond a plea for the Court to judicially notice

17 adjudicative facts.  Defendants ask the Court to take judicial notice of the 2011 MALDEF map

18 and documents to prove the plan is not equipopulous or geographically compact.

19        While courts may sometimes take judicial notice of the existence of documents, they may

20 not "draw inferences or take notice of facts that might reasonably be disputed."  *Corinthian*

21 *Colleges*, 655 F.3d at 999; *see Edie v. Baca*, 2009 WL 3417844, at *3 (C.D. Cal. Oct. 19, 2009);

22 *Del Puerto Water Dist. v. United States Bureau of Reclamation*, 271 F. Supp. 2d 1224, 1234

23 (E.D. Cal. 2003).  In particular, "documents are judicially noticeable only for the purpose of

24 determining what statements are contained therein, *not to prove the truth of the contents or any*

25 *party's assertion of what the contents mean*."  *United States v. Southern California Edison Co.*,

26 300 F. Supp. 2d 964, 975 (E.D. Cal. 2004) (emphasis added).

27

28 [4] Krauter Decl., Exs. A-F; Skinnell Decl., Exs. G-K.

1   Because Defendants are seeking to use MALDEF's materials not for the existence of the

2   statements in them but for what those statements mean – Defendants' contention that the map is

3   not geographically compact or equipopulous – judicial notice is inappropriate.  For example,

4   Defendants' reliance and arguments demonstrate that the exhibits merely create disputes about

5   the factual interpretation of the map, which cannot be resolved on a motion to dismiss.  Indeed,

6   Defendants explicitly state that "[w]hile Plaintiffs have alleged (in Paragraph 21) that the map in

7   question is 'a geographically compact and equipopulous plan,' the map itself shows otherwise, on

8   its face." Defs' MTD at 11.  These factual disputes – how to properly interpret the map plan –

9   cannot be resolved at this stage without the benefit of discovery.

10   Defendants' arguments are premature at this early stage of the proceedings.  *Thornburg v.*

11   *Gingles*, 478 U.S. 30 (1986), established a framework for analyzing claims under Section 2, a

12   framework that requires Plaintiffs to meet their evidentiary burdens through the testimony of a

13   number of expert witnesses, including demographers, political scientists, social scientists and

14   historians.  "[C]ourts have found the taking of judicial notice to be inappropriate in matters

15   requiring detailed or specific knowledge." *Von Grabe*, 312 F. Supp. 2d at 1311.  Because the

16   facts in this matter will be proffered through expert witnesses, the 2011 MALDEF map is not

17   appropriate for judicial notice.

18   The existence of the 2011 MALDEF map could be judicially noticed *if it were central to*

19   *Plaintiffs' claims*, but again the argument that the map is not geographically compact or

20   equipopulous is a legal question for this Court, is reasonably disputable and is not the proper

21   subject of judicial notice.  *See Lee v. City of Los Angeles*, 250 F.3d at 690 (finding district court

22   committed error when "the court did more than take judicial notice of *undisputed* matters of

23   public record.  The court took judicial notice of *disputed* facts stated in public records")

24   (emphasis in original).

### B.  Consideration of the Proffered Documents As Part of a Motion to Dismiss Under FRCP 12 Is Not Appropriate

It is not appropriate for the Court to consider the documents that are the subject of

Defendants' Request in deciding Defendants' motion to dismiss.

First, Defendants do not contend that Plaintiffs' Complaint refers to Exhibits A or C through K.  Defendants have not done so because a simple reading of Plaintiffs' Complaint reveals no reference to Defendants' Exhibits A or C through K.

Second, Exhibit B, the 2011 MALDEF map, is referenced in paragraph 21 of the Complaint as part of the factual narrative surrounding the 2011 redistricting process.  It is not essential to, let alone central to, Plaintiffs' burden of proof in this case.  Where, as here, a complaint mentions a document but does not reference it extensively and the document is not integral to the complaint the incorporation by reference doctrine does not apply.  *Coto Settlement*, 593 F.3d at 1038.  The doctrine of incorporation by reference "is not intended to grant litigants license to ignore the distinction between motions to dismiss and motions for summary judgment." *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998).  Rather, the policy behind the doctrine is to "[p]revent [] plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *reversed by statute on other grounds.*

Accordingly, the application of this doctrine is limited to cases interpreting the legal significance of the document at issue, such as a contract.  *See Levenstein*, 164 F.3d at 347.  The Ninth Circuit has observed that limitation, applying the doctrine to admit an insurance plan application in a dispute over an insurance claim, *see Parrino*, 146 F.3d at 705-06, and the document that included an allegedly defamatory statement, *see Evel Knievel v. ESPN*, 393 F.3d 1068, 1076-77 (9th Cir. 2005).  *See also Kramer v. Time Warner Inc.*, 937 F2d 767, 774 (2d Cir. 1991) (holding that the court properly took judicial notice of defendant's SEC filings, which are "the very documents that are alleged to contain various misrepresentations or omission and are relevant not to prove the truth of their contents but only to determine what the documents stated").

Here, Plaintiffs neither necessarily rely on nor refer extensively to the 2011 MALDEF map.  *See Coto Settlement*, 593 F.3d at 1038.  Furthermore, Plaintiffs in this case are Oscar Luna, Alicia Puentes, Dorothy Velasquez, and Gary Rodriguez.  MALDEF is the law firm that represents them.  There is no basis for imputing a 2011 MALDEF map to these Plaintiffs simply

because MALDEF currently represents them.  Indeed, Plaintiffs could bring a Section 2 case whether or not their counsel submitted a map to the Board of Supervisors in 2011.  Thus, Plaintiffs' allegations do not depend upon the five-year-old MALDEF map.  Instead, as explained above, Plaintiffs' illustrative plan will be proffered through expert witnesses.

Finally, Defendants' incorrect assumption leads them to request judicial notice of additional documents that are not incorporated by reference, documents Defendants require to alter the population base used in the 2011 MALDEF map.  Defs' MTD at 3-8.  Here, the Complaint does not rely on Defendants' Exhibits A or C through K in any way.  Additionally, as the 2011 MALDEF map is not central to Plaintiffs' claims, the exhibits Defendants seek to judicially notice to attack the map are also not central to Plaintiffs' claims.

As such, Defendants' exhibits are <u>not</u> central to the claims in Plaintiffs' Complaint and should not be considered as part of Defendants' Motion to Dismiss.

**V.      CONCLUSION**

For all the foregoing reasons, Plaintiffs respectfully request that Defendants' Request for Judicial Notice be denied as to Exhibits A through K and Defendants' citations to these materials be stricken from the record.

Respectfully submitted,

Dated: June 7, 2016                     MEXICAN AMERICAN LEGAL
                                        DEFENSE AND EDUCATONAL FUND

                                        By:     /s/ Matthew J. Barragan
                                                Thomas A. Saenz
                                                Denise Hulett
                                                Matthew J. Barragan

                                                *Attorneys for Plaintiffs*