# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR LUNA, et al.,<br><br>        Plaintiffs,<br><br>   v.<br><br>COUNTY OF KERN, et al.,<br><br>        Defendants. | Case No.: 1:16-cv-00568 DAD JLT<br><br>ORDER AFTER INFORMAL TELEPHONIC CONERENCE RE DISCOVERY DISPUTE<br>(Doc. 92) |

On September 5, 2017, the Court held an informal telephonic conference. (Doc. 92) This informal conference was related, at least in part, to the previous informal conference (Doc. 68). The earlier conference stemmed from the plaintiff's expert, Mr. Ely, providing the second illustrative map after the close of discovery. After the first conference, the parties stipulated to an order allowing the defendants to conduct discovery limited to this second illustrative map. (Doc. 89) The purpose of reopening discovery on this topic, clearly, was to cure the prejudice imposed on the defendants due to the late disclosure of the map. Id.

The current dispute relates to whether the plaintiffs should be permitted to depose several witnesses. First, the plaintiffs seek to depose Teresa Hitchcock because they believe that the defendants will attempt to offer her at trial on a basis that is expanded from that set forth in the defendants' Rule 26 disclosure. However, at the hearing, the defendants clarified that Ms. Hitchcock's testimony will not exceed the Rule 26 disclosure. Thus, the Court sees no basis to

allow this deposition in light of the fact that she was timely disclosed and the plaintiffs chose not to depose her during the discovery period. The request to depose Ms. Hitchcock is **DENIED**.

Second, the plaintiffs seek to re-depose Lorelei Oviatt as to whom the defendants have provided an additional disclosure outlining her expected testimony related to the new map. Notably, there is no indication in the Court's order (Doc. 89)—an order drafted and proposed by counsel—that the plaintiffs would have any right to re-depose Ms. Oviatt related to new testimony regarding the new map. In fact, except for receiving the right to re-depose Dr. Johnson, the plaintiffs reserved only the right to *seek* to depose "newly-disclosed witnesses, as well as Teresa Hitchcock and Karen Rhea." (Doc. 89 at 2) The defendants were obligated *only* to produce Rule 26 disclosures related to Ms. Oviatt's "anticipated testimony" related to the new map and this has occurred. There is no indication in the order, despite the clear anticipation that Ms. Oviatt *would* have new testimony, that she would be re-deposed. Thus the request to re-depose Ms. Oviatt is **DENIED**.

Finally, the plaintiffs seek to depose Kim Salas. The defendants disclosed Ms. Salas as to "the communities of interests" factor related to plaintiffs' new map. The plaintiffs argued that allowing the deposition would permit the trial to go "more smoothly" because everyone would know in advance what the witness will say. However, the Court has great difficulty with the fact that the plaintiffs created this situation by failing to comply with the Court's orders related to the discovery deadlines. When the Court scheduled the case almost exactly a year ago (Doc. 30), it adopted the deadlines for non-expert and expert discovery that counsel requested (*See* Doc. 28 at 8). Despite this, the plaintiffs submitted the second illustrative map prepared by Mr. Ely about 45 days after this deadline (Doc. 85). This failure to comply with the case schedule has caused a cavalcade of delay and has disrupted the orderly resolution of this matter.

Nevertheless, at the informal conference, the plaintiffs did not provide the Court a satisfactory explanation why the plaintiffs were entitled to create this situation—by submitting the map late—and then use the discovery allowed for the defense to cure the prejudice as an opportunity to reopen discovery for them as well. Rather, the Court is reminded of the parable of

2

how to boil a frog[1]. Unfortunately, in the current dispute, it appears the Court is envisioned as the frog; not so. Discovery must come to an end and it was the Court's order and anticipation that the end would have occurred on February 10, 2017.

Based upon the statements made at the informal conference, it is clear there is no compromise is possible on this topic and, frankly, the Court heard no justification that would meet the stringent requirements of Rule 16.[2] At least in the Court' view, the proffered arguments did not justify amending the deadline to allow the filing of non-dispositive motions (which expired, on February 20. 2017) let alone justification to amend the case schedule to allow additional discovery. In any event, the Court **ORDERS**:

1. The request to re-depose Ms. Oviatt and to depose Ms. Hitchcock is **DENIED**;

2. The plaintiffs may file their motion to amend the case schedule to extend the deadline for filing non-dispositive motions and to seek to amend the case schedule related to discovery deadlines.[3] If they choose to proceed with the motion, they **SHALL** file their notice of motion no later than **September 11, 2017**;

///
///
///
///
///
///
///

---

[1] In the parable, the frog cannot be dropped into a pot of boiling water because it will leap out and save itself. However, if it is placed in a cool pot of water and the temperature is raised one degree at a time, the frog will fail to appreciate the danger and will not jump out, resulting in it being boiled alive.

[2] Plaintiffs' counsel focused on the prejudice to them if the deposition was not permitted. However, under Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992), ". . . Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment) . . . [T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end." Likewise, under Jackson v. Laureate, Inc., 186 F.R.D. 605, 608 (E.D. Cal. 1999) this Court held, the "good cause" standard requires the parties to demonstrate that "noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 Scheduling conference . . ."

[3] Clearly, they must first demonstrate good cause for the former amendment before the latter amendment is relevant.

3

2. The motion **SHALL** conform to Local Rule 251(c) and both sides **SHALL** cooperate in filing a joint statement re: discovery disagreement at least 14 days before the hearing date that **SHALL** be set before Judge Thurston.

IT IS SO ORDERED.

Dated: **September 5, 2017**               **/s/ Jennifer L. Thurston**
                                            UNITED STATES MAGISTRATE JUDGE