UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR LUNA, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>COUNTY OF KERN, et al.,<br><br>    Defendants. | No. 1:16-cv-00568-DAD-JLT<br><br><u>ORDER AND FINAL JUDGMENT APPROVING AGREEMENT FOR STIPULATED ORDER, SETTLEMENT & RELEASE OF CLAIMS</u><br><br>(Doc. No. 206) |

    Following trial in this matter, this court found that Kern County's 2011 redistricting plan for the election of the members of the County Board of Supervisors violated Section 2 of the Voting Rights Act, 42 U.S.C. § 1973, for the reasons set out in the court's February 23, 2018 findings of fact and conclusions of law. (Doc. No. 188.)

    Thereafter, following a status conference before the undersigned, the parties reached a settlement with respect to the remaining issues which would otherwise be resolved in the remedial phase of this litigation. (Doc. No. 206.) Having reviewed the parties' moving papers, the Agreement for Stipulated Order, and the Settlement & Release of Claims between the parties, and good cause having been shown, the court finds as follows:

    1. The Agreement for Stipulated Order, Settlement & Release of Claims ("the Agreement"), attached hereto as Exhibit 1, is approved as a fair, adequate, and reasonable remedy for the violation previously found by the court in this action;

1

2. The Interim Redistricting Plan, attached to the Agreement as Exhibit A, is to be employed in the next two elections for the Kern County Board of Supervisors, and is adequate and necessary to remedy the violation of Section 2 of the Voting Rights Act found by this court in its findings of fact and conclusions of law entered in this case on February 23, 2018. The parties agree, and the court finds, that the Interim Redistricting Plan comports with traditional redistricting principles and constitutional constraints, provides a political process that is equally open to voters of all races and ethnic origins in Kern County, and reasonably allows Latino voters an opportunity to elect candidates of choice in two of the five supervisorial districts in the Interim Redistricting Plan. The court has given proper deference to the legislative prerogatives of the Kern County Board of Supervisors, who approved the plan contained in the Agreement; and

3. The court hereby specifically incorporates the terms of the Agreement, paragraphs 1–10, into this order, and retains jurisdiction to enforce the terms of the Agreement until the November 6, 2018 supervisorial elections are certified in accordance with state law.

IT IS SO ORDERED.

Dated: **April 11, 2018**

_____
UNITED STATES DISTRICT JUDGE

# EXHIBIT 1

AGREEMENT FOR

STIPULATED ORDER, SETTLEMENT & RELEASE OF CLAIMS

LUNA ET AL. V. COUNTY OF KERN, ET AL.

This agreement is between Plaintiffs Oscar Luna, Alicia Puentes, Dorothy Velazquez and Gary Rodriguez, ("Plaintiffs" herein), and Defendants County of Kern and the Kern County Board of Supervisors ("County Defendants" herein), who are the parties in a lawsuit filed in the Eastern District of California entitled, *Luna et al. v. County of Kern*, et al., Case #1:16-cv-00568-DAD-JLT ("the case" or "the lawsuit" herein). Plaintiffs and County Defendant are jointly referred to as "Parties," herein.

WHEREAS, at a status conference on March 6, 2018, Judge Drozd ordered that the parties participate in a settlement conference on March 28, 2018, presided over by Magistrate Judge Jennifer L. Thurston in an attempt to resolve the remedial phase of this case (Dkt. #193); and

WHEREAS, the parties appeared at the settlement conference on March 28, 2018, and they negotiated in good faith throughout the day, resulting in terms of an offer; and

WHEREAS, on March 28, 2018, Judge Thurston ordered that the parties participate in a status conference at 2 p.m. on March 30, 2018; and

WHEREAS, it is the desire of the parties to resolve all remaining issues in this case,

NOW THEREFORE, THE PARTIES AGREE AS FOLLOWS AND FURTHER AGREE AND STIPULATE THAT AN ORDER AND FINAL JUDGMENT CONTAINING THE TERMS SET FORTH IN PARAGRAPHS 1.0 THROUGH 10.0 OF THIS AGREEMENT MAY BE ENTERED AGAINST KERN COUNTY AND IN FAVOR OF PLAINTIFFS.

1.0 <u>2011 Redistricting Plan</u>: Defendant County of Kern shall not use the 2011 redistricting plan contained in Chapter 2.06 of the Kern County Ordinance Code for any further elections for a seat on the Board of Supervisors.

2.0 Interim Redistricting Plan: Further elections for the Board of Supervisors through 2020 shall be held in the districts reflected in the map attached hereto as Exhibit A. In the process of implementing the districts reflected in Exhibit A, the County Engineer or County Elections Official may amend the district boundaries to correct or adjust technical errors or defects, provided that the parties agree such corrections or adjustments shall not materially affect the demographic characteristics of the districts. The County Surveyor or the County Elections Official shall advise County Counsel of any such corrections or adjustments that might be necessary to implement the map. County Counsel will give notice to Plaintiffs of any change in the demographic characteristics of the districts necessitated by the corrections or adjustment. Plaintiffs will respond within 24 hours following notice, to agree or object to the demographic changes, and will in good faith approve any changes that do not materially affect the demographic characteristics of the districts.

The parties agree that the Interim Redistricting Plan is adequate and necessary to remedy the violation of Section 2 of the Voting Rights Act found by this court in its Findings of Fact and Conclusions of Law entered in this case on February 23, 2018. The parties further agree that the plan comports with traditional redistricting principles, and provides a political process that is equally open to voters of all races and ethnic origins in Kern County, and reasonably allows Latino voters an opportunity to elect candidates of choice in two of the five Supervisorial districts in the plan.

3.0 June 2018 Supervisorial Elections: The elections scheduled for June 2018 in Supervisorial Districts 2 and 3 shall be cancelled.

4.0 November 2018 Supervisorial Elections: Supervisorial elections shall be held in Districts 2, 3, and 4 on November 6, 2018, using the Supervisorial District boundaries reflected in the map attached hereto as Exhibit A. The Supervisorial Elections in District 2, 3, and 4 in November 2018 shall be plurality-win. There will be no run-off. Subsequent elections for these seats shall be conducted in accordance with California state law governing the election of county supervisors.

5.0 Two-Year Term: The November 6, 2018, Election in Supervisorial District 4 shall be for a two-year term. The term of the current District 4 incumbent which was scheduled to end in 2020 shall be truncated by two years. Subsequent

elections for that seat beginning in 2020 shall be for four-year terms as provided by California law.

6.0 <u>Qualified Candidates and Residency Requirement</u>: Candidates who have already been certified as qualified for the June 2018 ballot in the Supervisorial District 2 and Supervisorial District 3 elections shall be deemed qualified for the November 2018 election in those districts. If any candidates who have qualified for the ballot in Districts 2 and 3 are moved out of the district under the Supervisorial District boundaries reflected in Exhibit A, the residency requirement for these candidates to run for election will be waived; but in the event one of these candidates is elected, that candidate must move into the district he or she represents before taking office. Failure of such candidate timely to establish residency in the district where elected shall create a vacancy to be filled in accordance with law.

7.0 <u>In-Lieu Petition Period</u>: The in-lieu filing period for candidates running for election in Districts 2, 3, and 4 shall open on July 2, 2018, and run through July 27, 2018. The period for circulating nomination papers and filing of the declaration of candidacy for Districts 2, 3 and 4 shall be as provided in state law.

8.0 <u>General Election Law</u>: Except as set forth above, in all other respects the November 6, 2018, supervisorial elections shall be conducted in accordance with law.

9.0 <u>Jurisdiction</u>: The court shall retain jurisdiction over this case until the November 6, 2018, supervisorial elections are certified in accordance with law.

10.0 <u>Attorneys' Fees</u>: Defendant County of Kern shall pay Plaintiffs, in accordance with instructions received from Plaintiffs' attorneys, the sum of three million dollars ($3,000,000) in full and complete satisfaction of any and all claims they may have for payment of attorneys' fees, costs, expert fees, or any other expenses with regard to this case. Payment shall be made by Defendant County of Kern by check payable to the Mexican American Legal Defense and Educational Fund within thirty (30) days after execution of the Agreement. The Parties will bear its/her/his/their own costs, expenses and attorneys' fees of whatever nature or cause that are incurred after execution of this Agreement.

11.0 <u>Dismissal of Individual Defendants</u>: The individual defendants in this action

are Mick Gleason, Zack Scrivner, Mike Maggard, David Couch, Leticia Perez, John Nilon, and Mary B. Bedard. Each is sued in his or her official capacity only. Each of the individual defendants shall be dismissed from this action with prejudice by no later than April 6, 2018.

12.0 <u>Release</u>: In return for the mutual promises and other consideration provided in this Agreement, Plaintiffs, for themselves and their past, present or future heirs, beneficiaries, executors, administrators, officers, directors, agents, partners, successors and assigns ("Releasors"), do hereby fully release, acquit, waive and forever discharge Defendants and its past, present or future board members, elected officials, administrators, officers, employees, agents, successors and assigns ("Releasees"), from any and all claims, actions, causes of action, factual allegations, demands (including without limitation demands for equitable and injunctive relief), debts, damages, costs, expenses including expert fees, losses, or attorney's fees of whatever nature involving the County's 2011 redistricting plan, whether or not known, suspected or claimed arising out of, based on, or in any way related to the facts alleged (or facts that could have been alleged) in the Complaint filed in the lawsuit, Section 2 of the federal Voting Rights Act, of the Constitution of the United States of the Constitution of the State of California, which Claims the Releasors have or may have against the Releasees, except for rights to seek enforcement of this Agreement. In this Paragraph, the conjunctive includes the disjunctive.

13.0 <u>Express Waiver of All Claims Under California Civil Code Section 1542</u>

It is further understood and agreed that this Agreement extends to all of the above-described Claims and potential Claims, and that all rights under California Civil Code § 1542 are hereby expressly waived by Plaintiffs for themselves and the other Releasors with respect to all such Claims. Section 1542 provides as follows:

> **<u>"A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."</u>**

Notwithstanding these provisions of Section 1542, Plaintiffs and Defendant expressly acknowledge that this Agreement is intended to include in its effect,

without limitation, all Claims based on the facts alleged (or that could have been alleged) in the Complaint in this lawsuit, which they do not know or suspect to exist in their favor at the time of execution hereof and that the settlement reflected in this Agreement contemplates the extinguishment of all such Claims.

14.0 **Interpretation**: The interpretation of this Agreement shall be governed by the laws of the State of California and any applicable laws of the United States. This Agreement shall be construed as though jointly prepared by the Parties and any uncertainty or ambiguity shall not be construed against any one Party.

15.0 **Execution in Counterparts/ Electronic Signatures**. This Agreement may be executed in counterparts, and facsimile or scanned signatures will have the same force and effect as the original, and consistent with the local rules of the Eastern District of California, electronic signatures shall suffice.

16.0 **Entire Agreement**. The Parties acknowledge that no representations, inducements, promises or agreements, oral or otherwise, have been made by any Party or anyone acting on behalf of a Party which are not embodied herein, and that no other agreement, representation, inducement or promise not contained in this Agreement shall be valid or binding. Any modification, waiver or amendment of this Agreement will be effective only if it is in writing and signed by the Party to be charged.

17.0 **Representation by Counsel**. Each of the Parties expressly acknowledges and represents that he/ she/ it has been represented by counsel in the negotiations culminating in this Agreement. Each of the Parties has read this Agreement, reviewed the same with counsel, and fully understands the meaning and effect of each and every provision of this Agreement, in particular the meaning and effect of the releases and the waiver of rights under California Civil Code § 1542.

Signatures of Plaintiffs:

Dated: 03-30-2018

_____
Oscar Luna

Signatures of Plaintiffs:

Dated:

_____
Oscar Luna

Dated: 3/30/18 a.p.

*Alicia Puentes* (signature)
_____
Alicia Puentes

Dated:

_____
Dorothy Velazquez

Dated:

_____
Gary Rodriguez

Signatures of Defendant:

Dated:

County of Kern

By:_____
Mark Nations, Kern County Counsel

Approval as to Form:

Dated:

MALDEF

By:_____
Denise Hulett
Attorneys for Plaintiffs

Dated:

OFFICE OF KERN COUNTY COUNSEL

By:_____
Mark Nations, Kern County Counsel
Attorneys for Defendants

Dated: _____  _____
Alicia Puentes

Dated: 3/30/18  *[signature: Dorothy Velazquez]*
Dorothy Velazquez

Dated: 3/30/2018  *[signature: Gary Rodriguez]*
Gary Rodriguez

Signatures of Defendant:

Dated: _____  County of Kern
By: *[signature]*
Mark Nations, Kern County Counsel

Approval as to Form:

Dated:
3/30/18

MALDEF
By: *[signature]*
Denise Hulett
Attorneys for Plaintiffs

Dated: _____  OFFICE OF KERN COUNTY
COUNSEL
By: *[signature]*
Mark Nations, Kern County Counsel
Attorneys for Defendants













**INTERIM PLAN DEMOGRAPHICS**

| District | Population (2010) | Deviation (No Prisons) | % Deviation (No Prisons) | % LCVAP 2009 ACS | % LCVAP 2016 ACS | % Latino Registration Share – 2014 General Election |
|---|---|---|---|---|---|---|
| 1 | 163,243 | 1,222 | 0.75% | 13.9% | 18.3% | 13.4% |
| 2 | 161,210 | -811 | -0.50% | 21.8% | 28.3% | 22.9% |
| 3 | 168,194 | 6,173 | 3.81% | 23.8% | 31.1% | 25.0% |
| 4 | 160,077 | -1,944 | -1.20% | 59.9% | 68.1% | 64.1% |
| 5 | 157,383 | -4,638 | -2.86% | 50.2% | 63.0% | 57.9% |

ACS – U.S. Census, American Community Survey